## IN THE UNITED STATES DISTRICT COURT
## FOR ALASKA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH AND SEIZURE OF THREE BUCCAL SWABS FROM WILLIAM HOLLANDSWORTH a/k/a BUCK HOLLANDSWORTH | Case No. 3:18-mj-00550-MMS |

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT AN APPLICATION

I, **KRISTA LANG**, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

**1.** I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed since 05/13/2018. As a Special Agent for the FBI I am assigned to the Anchorage FBI Joint Terrorism Task Force, and work a variety of criminal and national security matters, including investigating violations of the illegal transfer and possession of firearms by prohibited individuals. Prior to my employment as a Special Agent I was an Intelligence Analyst with the FBI for approximately two years on a Joint Terrorism Task Force.

**2.** The information in this affidavit is based upon my personal knowledge as well as additional information provided by other federal, state and/or local law enforcement officers' activity involved in the investigation.

//

///



NOV 1 5 2018

## RELEVANT STATUTES

3. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to seize two buccal swabs for DNA from William Michael Hollandsworth a/k/a Buck Hollandsworth (DOB 3/31/1967).

4. There is probable cause that evidence of the following federal crime will result from the seizure and search of Hollandsworth's DNA in connection to Title 18, United States Code, Section 922(g)(1): Felon in Possession of a Firearm and Ammunition.

5. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

6. On October 24, 2018, FBI agents arrested Hollandsworth at an apartment in Kenai, Alaska. During and subsequent to the arrest, Hollandsworth made statements indicating that he was aware that there was a firearm present in the apartment prior to his arrest.

7. Law enforcement agents searched the apartment and found one 9mm Beretta pistol and multiple rounds of ammunition near a mattress in the apartment. Colleen Evanco, the tenant of the apartment, initially denied that Hollandsworth had fired the Beretta, but later admitted that he had recently done so. Agents noted that the 9mm ammunition appears to have the same manufacturer as other rounds of 9mm ammunition that agents had previously located in Hollandsworth's bedroom located within his mother's home in Soldonta, Alaska, during the execution of a prior search warrant on October 24, 2018.

8. On October 26, 2018, Anchorage FBI filed a criminal complaint in <u>United States v. William M. Hollandsworth</u>, Case No. 3:18-mj-00522-MMS, charging Hollandsworth

NOV 1 5 2018

with violating 18 U.S.C. § 922(g)(1), in that he knowingly possessed a firearm and ammunition, in and and affecting interstate commerce, after having been convicted of a felony offense punishable by more than one year imprisonment. Prior to my submission of this application for a search warrant, the United States Attorney's Office for the District of Alaska filed a motion to dismiss *U.S. v. Hollandsworth* without prejudice. *See* Docket 16. I anticipate that the US Marshals and the Alaska Department of Corrections will be processing the Court's order to release the defendant forthwith; therefore, this search warrant application is intended to allow the FBI to seize these buccal swabs wherever the defendant is located within the District of Alaska.

9. FBI Anchorage sent the siezed 9mm Beretta to the FBI laboratory for fingerprint and DNA analysis, which are awaiting official results. For the purposes of a DNA comparison the FBI must provide a known sample to the FBI laboratory to compare against any samples collected from the firearm described above.

10. Based on my training and experience, I believe that there is probable cause to believe that DNA sampled from Hollandsworth's buccal swabs will provide evidence to compare his genetic profile to the genetic profile that the FBI laboratory is attempting to develop from the 9mm Beretta. Because of the relatively short time frame of this case, the FBI laboratory has not yet determined whether there is sufficient genetic material from the Beretta to be suitable for comparison.

## CONCLUSION

11. Based upon witness statements of Hollandsworth firing the 9mm Beretta, it is likely that his touch DNA, which is DNA transferred by skin cells when an object has been

NOV 15 2018

handled or touched, will be found on the 9mm Beretta. It is respectfully requested that the Court issue this warrant to allow the FBI to seize a buccal swab from Hollandsworth. The FBI laboratory will use this evidence to identify Hollandsworth's DNA profile and compare it to DNA profile(s) developed from physical evidence. The FBI will collect this evidence by gently rubbing the buccal cavity, which is the oral cavity formed by the teeth and gums and the interior of the cheeks and lips, with dry, sterile cotton-tipped swabs.

Respectfully submitted,

KRISTA LANG
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
on November 15, 2018:

/S/ MATTHEW M. SCOBLE
U.S. MAGISTRATE JUDGE
SIGNATURE REDACTED

UNITED STATES MAGISTRATE JUDGE

NOV 1 5 2018